**UNITED STATES of America, Plaintiff,**

v.

**Ralph P. AMELIA, Defendant.**

**Crim. No. 86–94–T.**

United States District Court,
D. Massachusetts.

July 16, 1986.

Thomas J. Drinan, Asst. U.S. Atty., Boston, Mass., for Government.

Daniel J. Finn, Kassler & Feuer, Boston, Mass., for defendant.

### MEMORANDUM AND ORDER

TAURO, District Judge.

Defendant is accused of having suscribed to false income tax returns. Prior to indictment, defendant's counsel met with Internal Revenue Service representatives, pursuant to a written power of attorney. During the course of those meetings, counsel allegedly made inculpatory statements concerning defendant. The Government seeks to offer those statements at trial. Defendant seeks to have them suppressed, as having been beyond the scope of authority given to counsel by the power of attorney.

The Government argues that it is premature to exclude this evidence, without knowing the basis upon which it may be offered. But, it is clear that the challenged power of attorney is central to any government theory for admission of counsels' statements. It is appropriate, therefore, to determine prior to trial the extent to which, if at all, it authorized defendant's attorneys to make vicarious admissions.

### I.

Statements made by attorneys, pursuant to a power of attorney, may be admitted against a criminal defendant, provided they are made within the scope of the

power. *See e.g., United States v. O'Connor,* 433 F.2d 752, 756 n. 3 (1st Cir.1970); *see also United States v. Dolleris,* 408 F.2d 918 (6th Cir.1969), *cert. denied,* 395 U.S. 943, 89 S.Ct. 2014, 23 L.Ed.2d 461 (1969).

In *O'Connor,* the power of attorney gave the attorney, *inter alia,* "in all matters pertaining to any Federal Taxes ... full power and authority to do and perform *all and every act or thing whatsoever required and necessary.*" *O'Connor,* 433 F.2d at 755 (emphasis added). *Dolleris,* upon which *O'Connor* relied, involved a power of attorney which provided, *inter alia,* that the defendant's attorney was authorized to "do and perform *any and all other lawful acts* as shall be deemed necessary or proper to protect my interest," and "giving and granting ... *full power and authority to do and perform all and every act or thing whatsoever* requisite or necessary ... as fully to all intents and purposes as I might or could do...." *Dolleris,* 408 F.2d at 921 (emphasis added). Both cases allowed statements made by the attorneys to be admitted into evidence, finding them within the scope of the respective powers of attorney.

■ The Government argues that the power of attorney here was as broad in scope as those in *O'Connor* and *Dolleris, supra.* This court disagrees. The power of attorney challenged here is a printed form provided by the Internal Revenue Service. It contains two paragraphs. The first paragraph states that Ralph and Anna Amelia appoint three attorneys:

> as attorney(s)-in-fact to represent the taxpayer(s) before any office of the Internal Revenue Service for the following Internal Revenue tax matters (specify the type(s) of tax and year(s) or period(s) (date of death if estate tax)):
> All matters before the Internal Revenue Service which relate in any way to the taxpayers' 1978, 1979, 1980, 1981 and 1982 Individual Income tax returns.

The second paragraph states that:

> The attorney(s)-in-fact (or either of them) are authorized, subject to revocation, to receive confidential information and to perform on behalf of the taxpayer(s) the following acts for the above tax matters: (Strike through any of the following which are not granted.)
> To receive, but not to endorse and collect, checks in payment of any refund of Internal Revenue taxes, penalties, or interest. (See "Refund checks" on page 2 of the separate instructions.)
> To execute waivers (including offers of waivers) of restrictions on assessment or collection of deficiencies in tax and waivers of notice of disallowance of a claim for credit or refund.
> To execute consents extending the statutory period for assessment or collection of taxes.
> To execute closing agreements under section 7121 of the Internal Revenue Code.
> To delegate authority or to substitute another representative.
> Other acts (specify) [blank]

The Government argues that the following language in the first paragraph of the power of attorney is broad enough to authorize any statements made by the attorneys: "All matters before the Internal Revenue Service which relate in any way to the taxpayers' 1978, 1979, 1980, 1981, and 1982 U.S. Individual Income Tax Returns." Defendant, on the other hand, argues that the second paragraph of the power of attorney controls and limits the grant of authority.

The Government characterizes defendant's argument as "avoid[ing] the plain meaning of the power of attorney by turning the power on its head and arguing that the designated acts in the *second authorizing paragraph* of the power of attorney limit the otherwise broad overall language [of the first paragraph]." Government's Opposition to Defendant's Motion to Suppress at 3 (emphasis added). The Government's error is in the assumption that the first paragraph authorizes anything. The power of attorney contains but a single 'authorizing' paragraph, namely the second.

The paragraph which the Government considers to be the 'first authorizing paragraph' in fact authorizes nothing. It simply defines those matters to which the power of attorney, created in the second paragraph, will apply. The language "all matters before the Internal Revenue Service" (quoted more fully above), therefore, merely describes those matters to which the power of attorney applies. This reading is supported by the language contained in the second paragraph, quoted above, which grants specified authority only "for the above tax matters."

The Government also argues that the authority to do those acts specified in the second paragraph of the power of attorney implies the authority to speak for defendant. The government cites no cases in support of its theory, however, and this court is unwilling to imply such authority from the language of this power of attorney, particularly in a criminal case such as this where the challenged form was prepared and supplied by the Government. The situation here is substantively distinguishable from those in *O'Connor* and *Dolleris.*

## II.

For the foregoing reasons, this court rules that statements made by defendant's attorneys will not be admitted into evidence by virtue of the power of attorney executed November 29, 1983. This Order does not preclude possible admission of such statements on other grounds.

It is so ordered.